**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| OCTAVIO ALVARADO, PABLO MARTINEZ, OMAR GOMEZ, JOSE DE JESUS GARCIA, on behalf of themselves and all other similarly situated individuals,<br><br>　　　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>REX NEDEREND and SHERI NEDEREND, dba NORTHSTAR DAIRY, WILDWOOD FARMS, and FREEWAY ASSOCIATES,<br><br>　　　　　　　　　Defendants. | 1:08-CV-01099-OWW-SMS<br><br>ORDER RE DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND LACK OF SUBJECT MATTER JURISDICTION (DOC. 10-2) |

## I. INTRODUCTION

Plaintiffs, Octavio Alvarado, Pablo Martinez, Omar Gomez, Daniel Gomez, and Jose de Jesus Garcia (collectively "Plaintiffs"), filed a class action lawsuit against their former employer, Defendants Rex Nederend and Sheri Nederend, doing business as ("dba") Northstar Dairy, Wildwood Farms, and Freeway Associates ("Defendants" or "Nederend"). *See* Doc. 2 Compl. at ¶ 1, filed July 30, 2008. The class of persons represented by Plaintiffs include non-exempt employees employed by, or formerly employed by Defendants. *Id.* at ¶ 1. Plaintiffs allege that Defendants violated various labor codes, including violation of the federal Agricultural Worker Protection Act ("AWPA") and various provisions of the California Labor Code.

Before the court for decision is Defendants' motion to

1

dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Defendants argue that the original complaint, Doc. 2, filed July 30, 2008, fails to adequately state a federal claim, depriving the district court of subject matter jurisdiction over the entire case. Doc. 10-2, Defendants' Motion to Dismiss at 2, filed Nov. 10, 2008.

Defendants' motion to dismiss, filed November 10, 2008, inexplicably addressed only Plaintiffs' original complaint, rather than their First Amended Complaint ("FAC"), filed October 16, 2008. However, at oral argument Defendants stated, and Plaintiffs conceded, that the FAC was not properly served until after the pleadings had been submitted. Nevertheless, Plaintiffs may amend their complaint once as of right. *See* Fed. R. Civ. P. 15(a). The FAC is the operative complaint and Defendants' motions are evaluated as to the FAC, not the original complaint.

## II.   BACKGROUND

On July 30, 2008, Plaintiffs filed a complaint asserting ten claims against Defendants. Compl. Nine of these claims alleged California Labor Code violations, while the other alleged a violation of the Agricultural Workers Protection Act ("AWPA"), 29 U.S.C. §§ 1801 et seq. Compl. The California Labor Code claims included (1) failure to pay overtime wages; (2) failure to pay minimum wages; (3) failure to provide rest or meal periods; (4) failure to pay split shift premiums; (5) failure to pay wages due at termination; (6) failure to maintain and provide accurate

itemized employee wage statements and records; (7) violation of unfair competition law; and (8) violation of the California Labor Code Private Attorney General Act.  Compl.

On October 16, 2008, Plaintiffs filed a First Amended Class Action Complaint ("FAC"), which amended the original complaint to: (1) provide additional factual allegations to support the Agricultural Workers Protection Act claim; and (2) add a new claim for violation of California's Unfair Competition Law, based on alleged violation of the Fair Labor Standards Act of 1938 for failure to preserve adequate records.  FAC at 17.  Plaintiffs re-alleged all of the California Labor Code violations.[1]  On November 10, 2008, Defendants filed their motion to dismiss the original complaint.  Doc. 10-2.

### III.  STANDARDS OF DECISION

A.  Failure to State a Claim - Rule 12(b)(6) Motion

Federal Rule of Civil Procedure 12(b)(6) provides that a motion to dismiss may be made if the plaintiff fails "to state a claim upon which relief can be granted."  In deciding whether to grant a motion to dismiss, the court "accept[s] all factual allegations of the complaint as true and draw[s] all reasonable inferences" in the light most favorable to the nonmoving party. *TwoRivers v. Lewis,* 174 F.3d 987, 991 (9th Cir. 1999); *see also Rodriguez v. Panayiotou,* 314 F.3d 979, 983 (9th Cir. 2002).  "To

---

[1] Since the focus of Defendants' motion to dismiss rests on the federal AWPA claim, the California Labor Code violations will not be discussed, as they have not been individually challenged.

3

avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations; rather, it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Weber v. Dep't of Veterans Affairs,* 521 F.3d 1061 (9th Cir. 2008) (citing *Bell Atlantic v. Twombly,* 550 U.S. 544 (2007) (rejecting interpretation of Rule 8 that permits dismissal only when plaintiff can prove "no set of facts" in support of his claim). A court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001).

     B.   <u>Subject Matter Jurisdiction - Rule 12(b)(1) Motion</u>

    A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) addresses the court's subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). Federal courts are limited in jurisdiction; it is presumed that a case lies outside the jurisdiction of the federal courts unless Plaintiff proves otherwise. *Kokkonen v. Guardian Life Ins. of Am.*, 511 U.S. 375, 377 (1994); *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1993); *Thornhill Publ'g Co. v. Gen. Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). The party asserting jurisdiction has the burden of proof when a 12(b)(1) motion is filed. *See Sopack v. N. Mountain Helicopter Serv.*, 52 F.3d 817, 818 (9th Cir. 1995); *Farmers Ins. Ex. v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 912 (9th Cir. 1990). Lack of subject matter jurisdiction can be raised at any time by any party. Fed. R. Civ. P. 12(h); *Am. Fire & Cas. Co. v. Finn*, 341

4

U.S. 6, 17-18 (1951).

## IV. DISCUSSION

### A. Failure to State a Claim

Defendants challenge the sufficiency of Plaintiffs' AWPA claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

AWPA's stated purpose is to "assure necessary protections for migrant and seasonal agricultural workers...." 29 U.S.C.A. § 1801. An individual must fall within the definition of either a "migrant agricultural worker" or a "seasonal agricultural worker" for AWPA protection. A migrant or seasonal agricultural worker is "an individual who is employed in agricultural employment of a seasonal or temporary nature, and who is required to be absent from his permanent place of residence." 29 U.S.C. §§ 1802(8)(A), 1802(10)(A).

Three elements must be satisfied for a finding that an individual is either a migrant or seasonal agricultural worker: (1) the employment must be agricultural in nature (i.e. agricultrual employment); (2) the employment must be of a seasonal or temporary nature; and (3) the employment required overnight absence from the worker's permanent place of residence. *Id.* Defendants contend that Plaintiffs have not alleged sufficient facts to support a valid claim under AWPA. Doc. 10-2 at 4.[2]

---

[2] Federal Rule of Civil Procedure 8 requires only that Plaintiffs provide simple notice of their claim. Nevertheless, Plaintiffs have included some specific factual allegations here,

5

**1.** *Agricultural Employment*

"[A]gricultural employment" is <u>"employment in any service or activity included within the provisions of section 3(f) of the Fair Labor Standards Act of 1938</u> (29 U.S.C. 203(f)), ... and the handling, planting, drying, packing, packaging, processing, freezing, or grading prior to delivery for storage of any agricultural or horticultural commodity in its unmanufactured state." 29 U.S.C. § 1802(3) (emphasis added); *see also* 29 C.F.R. § 500.20(e) (the Migrant and Seasonal Agricultural Worker Protection Act parallel the definitions in AWPA).

Section 3(f) of the Fair Labor Standards Act of 1938 ("FLSA") includes "dairying" as an agricultural activity. It reads:

> "'Agriculture' includes farming in all its branches and among other things includes the cultivation and tillage of soil, <u>dairying</u>, the production, cultivation, growing, and harvesting of any agricultural or horticultural commodities ... the raising of livestock, bees, fur-bearing animals, or poultry, and any practices (including forestry or lumbering operations) performed by a farmer or on a farm as an incident to or in conjunction with such farming operations, including preparation for market, delivery to storage or to market or to carriers for transportation to market."

29 U.S.C.A. § 203(f) (emphasis added).

Here, Defendants concede that Plaintiffs are "engaged in agricultural work."[3] Doc. 14 at 4. Additionally, Plaintiffs

---

which are evaluated in light of applicable caselaw.

[3] At oral argument, Defendants argued that dairying is not agricultural in nature because it does not involve "field work." However, the agricultural employment encompassed within AWPA is not limited solely to "field work." AWPA expressly includes dairying as agricultural work through incorporation of section

6

allege in the FAC that they were employed in the "farming operation of dairying" in that they "harvest or produce dairy products," satisfying the statutory requirements. FAC at ¶¶ 39, 41. The FAC properly alleges the first element of an AWPA claim.

        2.   *Employment of a Seasonal or Other Temporary Nature*

Defendants argue that even though the employment is agricultural in nature, it is not seasonal or temporary.[4]

Labor is seasonal when the employment is "exclusively performed at certain seasons or periods of the year and which, from its nature, may not be continuous or carried on throughout the year." 29 C.F.R. § 500.20(s)(1). Here, Plaintiffs allege that their labor is "seasonal" in nature because milk production "slacks during summer months." FAC at ¶ 41. The Ninth Circuit has not considered whether employment that varies in intensity according to the seasons is seasonal or temporary for purposes of AWPA, but other jurisdictions have considered the issue.

In *Caro-Galvan v. Curtis Richardson, Inc.*, 993 F.2d 1500,

---

3(f) of the Fair Labor Standards Act.

[4] Defendants state that they have "presented affirmative evidence that Plaintiffs were employed year-round," referring to the Declaration of Rex Nederend in support of their motion to dismiss. Generally, district courts do not consider materials "beyond the pleadings in ruling on a 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citing *Fort Vancouver Plywood Co. v. United States*, 747 F.2d 547, 552 (9th Cir. 1984)). Defendants' present no authority supporting the consideration of their declarations int his case. If Defendants' want to bring a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 then they can bring this motion at any time.

1502 (11th Cir. 1993),[5] plaintiffs, indigent farm workers, harvested the defendant's fern crop and performed other field work.  Although, the defendant's ferns were grown and harvested year-round, the court concluded that fern harvesting was seasonal in nature.  *Id.* at 1508.  Evidence supported the court's conclusion that fern harvesting had a "slack season in which [the industry] was so slow[,] [plaintiffs] could not even earn minimum wage doing it and thus were free to work elsewhere-they weeded, cleaned, and did some harvesting, and worked other miscellaneous jobs."  *Id.* (internal quotations omitted).

Defendants cite *Ramirez v. DeCoster*, 194 F.R.D. 348, 356 (D. Me. 2000), where the court determined, on motion for summary judgment, that the egg processing industry was not seasonal or temporary in nature because it "operate[d] year-round, ha[d] no slack season, and [was] continuous."  However, in reaching its conclusion, the court relied on the plaintiff's concession that "the nature of the work ... [was] continuous, on-going, and year-round without a slack period."  *Id.* at 356 fn 8.

Here, Plaintiffs make no such concession and allege that milk production "slacks during summer months."  FAC at ¶ 41. Accepting this allegation as true, as a court must on a motion to dismiss, dairying slacks during the summer months, facially satisfying the second element in the AWPA claim.  If evidence shows lay-offs or voluntary changes in employment occur during the slack season, a different conclusion may be required.

---

[5] *Caro-Galvan* concerned an involuntary dismissal under rule 41(b), which involves evidentiary determination, *id.* at 1504, and as such is procedurally distinguishable from a motion to dismiss.

8

Plaintiffs alternatively allege in the FAC that the employment at Defendants' dairy was temporary because no guarantees of employment existed.  It is not necessary to evaluate this alternative argument, as Plaintiffs' FAC sufficiently alleges the satisfaction of AWPA's requirements on other grounds.  In light of Rule 8's liberal pleading requirement, the FAC conclusorily alleges that Plaintiffs' employment is seasonal.  Because defendants assert the alleged untruths of this allegation in Rule 11 terms, Plaintiffs shall amend to state ultimate facts which support the allegation of seasonal employment.

        3.    *Required Overnight Absence From Permanent Place of Residence*

Finally, Defendants assert that Plaintiffs have inadequately alleged that they were absent from their permanent place of residence while employed with Defendants. Doc 10-2 at 5.

AWPA defines a "[p]ermanent place of residence" as "a domicile or permanent home."  29 C.F.R. § 500.20 (p)(2).  However, a "[p]ermanent place of residence does not include seasonal or temporary housing such as a labor camp."  29 C.F.R. § 500.20 (p)(2) (emphasis added).  Plaintiffs allege in the FAC that they "live[d] on the worksite in substandard temporary worker barracks."  FAC at ¶ 41.  This allegation satisfies AWPA's requirement that Plaintiffs employment require them to be away from their "permanent place of residence."  Differences in residence may affect class composition, however the "absence overnight" element is facially met.

9

####  4.     *Conclusion re: Failure to State A Claim*

Accepting the well-pleaded facts as true, an AWPA claim has been stated. If these are not the true facts, a different procedure is appropriate for resolution of the issue. The grounds advanced by Defendants in their motion do not warrant dismissal, however, they do raise significant questions best adjudicated on summary judgment. To permit clarification of issues contended by Defendant, Defendants' motion to dismiss is **GRANTED WITH LEAVE TO AMEND**.

After limited discovery on coverage issues under AWPA, Plaintiffs shall file an amended complaint within sixty (60) days setting forth the factual bases for their claim of coverage under AWPA.

####  5.     *Plaintiffs' Alternative Argument re: FLCRA*

To support their argument that they are covered workers under AWPA, Plaintiffs cite the Farm Labor Contractor Registration Act of 1963 ("FLCRA"), 7 U.S.C. § 2041 et seq., a federal statute designed to protect vulnerable "agricultural laborers who 'have long been among the most exploited groups in the American labor force.'" *Caro-Galvan*, *supra*, at 1505. FLCRA was superseded by AWPA. There is authority to support the proposition that AWPA was meant to maintain and enhance basic protections under FLCRA. *Id.* Plaintiffs rely on the FLCRA's definition of the term "migrant worker" to support their contention that they are covered under AWPA. However, FLCRA is no longer good law. It has been superseded by AWPA, and its specific provisions do not apply in this case.

10

B. <u>Subject Matter Jurisdiction</u>

Based on the contention the AWPA claim is insufficient, Defendants argue there is no subject matter jurisdiction because only state law claims remain. Because Plaintiffs' AWPA claim will be restated, no further discussion of Defendants' subject matter jurisdiction argument 28 U.S.C. § 1367(c) is required.[6]

## V. CONCLUSION

Defendants' motion to dismiss is GRANTED WITH LEAVE TO AMEND for the sole purpose of clarification. After limited discovery relevant to the issue of coverage under AWPA, Plaintiffs shall file an amended complaint within sixty (60) days following date of service of this decision, setting forth the factual bases for a claim of coverage under AWPA

IT IS SO ORDERED.

Dated: February 26, 2009                    /s/ Oliver W. Wanger
                                       UNITED STATES DISTRICT JUDGE

---

[6] "[T]he district court shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy...." 28 U.S.C. § 1367(a). Plaintiffs' claims pursuant to the California Labor Codes are "so related to" the AWPA claim, therefore, the district court has supplemental jurisdiction over these claims.