CARL R. SAMUEL, BAR NO. 064941
PETER F. SAMUEL, BAR NO. 072503
SAMUEL & SAMUEL
5050 Sunrise Boulevard, Suite C-1
Fair Oaks, CA 95628
Telephone:   (916) 966-4722
Facsimile:    (916) 962-2219

HOWARD A. SAGASER, BAR NO 72492
SAGASER, JONES & HELSLEY
PO Box 1632
Fresno, CA 93717
Telephone: (559) 233-4800
Facsimile:  (559) 233-9330

Attorneys for Defendants,
Rex Nederend, Sheri Nederend dba
"Northstar Dairy", "Wildwood Farms"
and "Freeway Associates"

MARCO A. PALAU, BAR NO. 242340
Law Offices of Mallison & Martinez
1042 Brown Ave
Lafayette, CA 94549
Telephone: (925) 283-3842
Facsimile:  (925) 283-3426

Attorneys for Plaintiffs,
OCTAVIO ALVARADO,
PABLO MARTINEZ, OMAR GOMEZ,
DANIEL GOMEZ, JOSE DE JESUS
GARCIA, on behalf of themselves
and all other similarly situated individuals

IN THE UNITED STATED DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA-FRESNO DIVISION

| | |
|---|---|
| OCTAVIO ALVARADO, PABLO MARTINEZ, OMAR GOMEZ, DANIEL GOMEZ, JOSE DE JESUS GARCIA, on behalf of themselves and all other similarly situated individuals<br><br>Plaintiffs,<br>v.<br>REX NEDEREND and SHERI NEDEREND (dba "Northstar Dairy", "Wildwood Farms" "Freeway Associates")<br><br>Defendants. | CASE NUMBER: 1:08 CV-01099- 077-SMS<br><br>STIPULATION AND PROTECTIVE ORDER REGARDING PRODUCTION OF CONFIDENTIAL/PROPRIETARY INFORMATION AND COURT ORDER REGARDING SAME |

Plaintiffs OCTAVIO ALVARADO, PABLO MARTINEZ, OMAR GOMEZ, DANIEL GOMEZ, JOSE DE JESUS GARCIA, ("Plaintiffs") and Defendants REX NEDEREND and SHERI NEDEREND (dba "Northstar Dairy", "Wildwood Farms" "Freeway Associates") ("Defendants"), by and through their respective attorneys of record hereby agree as follows:

WHEREAS, in their discovery requests, Plaintiffs have requested documents from Defendants that Defendants consider to be confidential, proprietary and trade secret documents notwithstanding that such documents may have some relevance to the litigation. Defendants are willing to produce relevant confidential, proprietary and trade secret documents provided that such documents are protected from unauthorized and/or unnecessary disclosure. Therefore, the parties agree to enter into this Stipulated Protective Order.

The parties acknowledge that during this litigation there may be additional confidential documents sought by one party from the opposing party that must be protected from unnecessary and/or unauthorized disclosure, so it is hereby agreed that this Stipulated Protective Order shall cover all confidential documents produced by either party in this case;

IT IS THEREFORE STIPULATED, pending further order of the Court, that the following procedures designed to ensure the protection of confidential information shall govern all forthcoming pre-trial discovery proceedings, applicable to any production from this date forward, subject to Federal Rule of Civil Procedure 26(c)(1):

1. Any party, before providing documents in discovery, may designate the material as "confidential" under this Stipulated Protective Order by prominently marking it as "confidential."

2. A party seeking to designate as "Confidential" any document shall notify the other party by labeling the document as "Confidential" on the face of the document when it is produced.

3. Except persons and entities listed in paragraph 6 below, documents or other information designated as subject to this Protective Order shall not be disclosed or shown to any other person or entity unless or until the side wishing to make such disclosure informs the

PDF created with pdfFactory trial version www.pdffactory.com

other side and gives them a reasonable time to object of not less than thirty (30) calendar days. In the event of objection, the parties' respective counsel of record will make a good faith effort to resolve the dispute informally before filing any motion with the above-entitled Court relating to said dispute. If an objection is made in writing, the document shall not be disclosed until the Court has issued a decision determining that disclosure of the document is appropriate.

    4.    A party may also designate as "Confidential" any information set forth in the transcript of any deposition of a party in this action, by identifying the material sought to be kept confidential before the transcript is finalized, and by arranging for appropriate treatment of the confidential portions of the transcript.

    5.    Social Security numbers may be redacted from any document produced.

    6.    Any document designated as "confidential" may be shown, or its contents disclosed only to the following persons:

    (a)    Counsel of record in this action and counsel's agents and employees;

    (b)    Any expert used as a consultant or intended to be called as a witness who is retained by counsel of record to assist in the preparation and/or trial of this case;

    (c)    The parties to this action;

    (d)    The Court and its personnel; and

    (e)    Court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation (subject to 20 days notice to opposing party/counsel for vendors)

    7.    Confidential information designated as subject to this Stipulated Protective Order or any information derived therefrom shall be used solely for the purpose of assisting counsel of record in connection with this litigation and not for any competitive or business purpose whatsoever.

    (a)    If Counsel for either party contends that there is a need to use or produce documents or information subject to this Stipulated Protective Order in any related litigation or administrative proceeding, Counsel shall identify the specific material and shall

PDF created with pdfFactory trial version www.pdffactory.com

meet and confer with opposing counsel before doing so. If the parties cannot agree, then the information cannot be used in the other proceeding unless this Court or the Court or Administrative Law Judge in the related proceeding authorizes its use after the parties have had prior notice of the intent to use it in the related proceeding.

8. The parties' respective counsel of record each agrees to make all reasonable efforts to ensure compliance with this Stipulated Protective Order. Any persons referred to in paragraphs 6(b), (c), and (e) of this Stipulated Protective Order who receive information designated as confidential pursuant to this Stipulated Protective Order shall first read a copy of this Stipulated Protective Order and agree in writing to abide by the terms thereof. This includes the parties to this litigation. A copy of the Acknowledgment and Agreement to be Bound is attached hereto as Exhibit "A" and made a part hereof.

9. The parties enter into this Stipulated Protective Order without prejudice to any party's right to object to the disclosure of any information on any ground that it/he/she may deem appropriate, and any party's right to object to classification of any document as "confidential," and any party or non-party may, upon motion, seek relief from, or modification of, this Stipulated Protective Order based on a showing of good cause.

10. The designation of any information as "confidential" pursuant to this Stipulated Protective Order is intended solely to facilitate the preparation of this case for trial, and treatment by the other party in conformity with such designation shall not be construed in any way as an admission or agreement by such opposing counsel or party that the designated information contains any trade secret or confidential information in contemplation of law.

(a) No party shall be obligated to challenge the propriety of any designation by the opposing party, and a failure to do so shall not preclude a subsequent attack on the propriety of any "confidential" designation.

///
///
///
///

{5615/011/00237603.DOC}    4
Case Number: 1:08 CV-01099- 077-SMS                    Stipulation and Protective Order,

PDF created with pdfFactory trial version www.pdffactory.com

(b) If there is a disagreement on any issue related to the practical implementation of this stipulation, including the classification of a document as confidential, the parties shall first meet and confer, and if that does not resolve the issue, shall cooperate in promptly setting the matter for a conference call with the judge assigned to this case, or if he or she is not available, the presiding Civil Judge.

(c) Any unresolved disputes shall be resolved in accordance with the Federal Rules of Civil Procedure.

(d) The party designating any document as confidential shall have the burden of proof in any proceeding brought by any party to enforce or interpret this Stipulated Protective Order.

11. If confidential third party information is improperly disclosed to any person other than in the manner authorized by this Stipulated Protective Order, the party responsible for the disclosure must immediately inform the other party of all pertinent facts relating to such disclosure, including the name and address of each person to whom disclosure was made, and shall make reasonable efforts to prevent further disclosure by said authorized person(s).

12. The parties agree that, prior to commencement of trial, they will attempt to enter into mutually agreeable stipulations and protective orders with respect to any confidential information to be disclosed during trial.

13. Any party intending to utilize any confidential third party information designated as confidential in a law and motion matter or at trial should lodge the document under seal so as to preserve its confidentiality pending the Court's determination regarding whether a privilege exists that precludes the use of the document or other information as evidence or determining what safeguards should be utilized if the confidential information is to be considered as evidence.

14. Upon final determination of this action, unless otherwise agreed to in writing by opposing counsel, each party shall either: (a) Assemble and return all material designated as confidential under this Stipulated Protective Order, including all copies thereof, to

PDF created with pdfFactory trial version www.pdffactory.com

the producing party and certify in writing that all such material has been returned; or (b) Certify in writing that all such material has been destroyed.

15. If any person breaches this Stipulated Protective Order, any person may, after seven (7) days notice by email or fax notice an opportunity to cure, notice a hearing to the United States District Court for the Eastern District, Fresno Division, requesting appropriate equitable relief and monetary damages, and discovery and contempt sanctions, if applicable. The Court in its discretion may also award attorneys fees and costs.

16. All parties to this Stipulated Protective Order have participated in drafting the Order.

DATED: May 19, 2009         SAGASER, JONES & HELSLEY


By  /s/ Howard A. Sagaser_____
   HOWARD A. SAGASER,
   Attorneys for Defendants,
   Rex Nederend, Sheri Nederend dba
   "Northstar Dairy", "Wildwood Farms" and
   "Freeway Associates

DATED: May 19, 2009         SAMUEL & SAMUEL


By:  /s/ Carl R. Samuel_____
    CARL R. SAMUEL
    Attorneys for Defendants,
    Rex Nederend, Sheri Nederend dba
    "Northstar Dairy", "Wildwood Farms" and
    "Freeway Associates

DATED: May 19, 2009         MALLISON & MARTINEZ


By: /s/ Marco A. Palau_____
   MARCO A. PALAU
   Attorney for Plaintiffs,
   Octavio Alvarado, Pablo Martinez, Omar
   Gomez, Daniel Gomez, Jose de Jesus Garcia,
   on behalf of themselves and all other similarly
   situated individuals
   1042 Brown Avenue
   Lafayette, Ca. 94549

PDF created with pdfFactory trial version www.pdffactory.com

# EXHIBIT A

# ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective for the case of *Alvarado et al. v. Rex & Sheri Nederend et al*, District Court Case No. 1:08-CV-01099-OWW-SMS. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date:_____

City and State where sworn and signed:_____

Printed name:_____
**[Printed Name]**

Signature:_____
**[Signature]**

PDF created with pdfFactory trial version www.pdffactory.com

Pursuant to the stipulation of the parties and good cause appearing:

**ORDER**

The parties may serve or conduct discovery in accordance with applicable local rules and Federal Rules of Civil Procedure. Plaintiffs are granted a 30-day extension from the date of Defendants' production of documents and data to amend their complaint. Plaintiffs may not serve any additional or conduct further discovery until further Order of the Court.

**IT IS SO ORDERED**.

DATED:   May 19, 2009              /s/ Sandra M. Snyder
                                           Judge of the United States
                                           District Court, Eastern District

PDF created with pdfFactory trial version www.pdffactory.com