UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

(Fresno Division)

| | |
|---|---|
| OCTAVIO ALVARADO, PABLO MARTINEZ, OMAR GOMEZ, DANIEL GOMEZ, JOSE DE JESUS GARCIA, on behalf of themselves and all other similarly situated individuals,<br><br>PLAINTIFF,<br><br>vs.<br><br>REX NEDEREND AND SHERI NEDEREND (dba "Northstar Dairy," "Wildwood Farms," "Freeway Associates")<br><br>DEFENDANTS. | Case No. 1:08-cv-01099-OWW-MJS<br><br>**ORDER AND JUDGMENT**<br><br>(1)    CONFIRMING CERTIFICATION OF SETTLEMENT CLASS;<br><br>(2)    GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT;<br><br>(3)    APPROVING CLASS REPRESENTATIVES INCENTIVE PAYMENTS;<br><br>(4)    APPROVING CLASS COUNSEL FEES AND COSTS;<br><br>(5)    APPROVING SETTLEMENT ADMINISTRATOR FEES;<br><br>(6)    APPROVING PAYMENT OF PAGA PENALITES<br><br>(7)    ENTERING FINAL JUDGMENT |

On May 16, 2011 a hearing was held on the motion by Plaintiffs and class representatives Octavio Alvarado, Pablo Martinez, Omar Gomez, Daniel Gomez, and Jose De Jesus Garcia ("Plaintiffs"), for Final Certification of a settlement class in this action, Final Approval of the parties' proposed settlement, approval of Class Representative incentive payments, approval of attorney's fees

ORDER AND JUDGMENT                                                                CASE NO. 1:08-CV-01099-OWW-MJS

and costs, approving settlement administrator's fees, and ordering judgment in the case. Stan S. Mallison appeared from Mallison & Martinez on behalf of Plaintiffs. Defendants did not appear. No objectors appeared at the time of the hearing.

The Court having read and considered the papers on the motion, the arguments of counsel, and the law, and good cause appearing therefore,

IT IS ORDERED:

1. The Court has jurisdiction over this action and the parties' proposed settlement under 28 U.S.C. sections 1331 and 1367, as plaintiffs' original complaint was brought under the Agricultural Workers Protection Act, 29 U.S.C. § 1801 et seq.; and related California wage-and-hour law; the Court has original jurisdiction over plaintiffs' federal law claims; and the Court has supplemental jurisdiction over plaintiffs' state-law claims because they arise from the same alleged transactions and occurrences as do plaintiffs' federal-law claims.

2. For the reasons stated in the Order Granting Preliminary Approval, the Court finds that the action meets all the requirements for class certification, and it is hereby ordered that the Settlement Class is finally approved and certified as a class for purposes of settlement of this action.

3. The parties' Settlement Agreement (the "Settlement") (attached as Ex. 1 to Declaration of Stan S. Mallison in Support of Joint Motion for Final Approval of Settlement is granted as it meets the criteria for final settlement approval. The Settlement falls within the range of possible approval as fair, adequate and reasonable, and appears to be the product of arm's-length and informed negotiations and to treat all Class Members fairly.

4. The parties' Notice of Proposed Settlement of Class Action, Conditional Certification of Settlement Class, Preliminary Approval of Settlement, Hearing Date for Final Court Approval ("Class Notice"), and proposed forms of Claim Form and Election Not to Participate in Settlement (collectively the "Class Notice Packet") were sufficient to inform Class Members of the terms of the Settlement; their

PDF created with pdfFactory trial version www.pdffactory.com

rights under the Settlement; their rights to object to the settlement; their right to receive a Settlement Share or elect not to participate in the Settlement; the processes for receiving a Settlement Share, electing not to participate in the Settlement or Objecting to the Settlement; and the date and location of the final approval hearing. Therefore, the Court finds and determines that the parties' notice procedures were completed and were constitutionally sound, because individual notices were mailed to all class members whose identities are known to the parties, and such notice was the best notice practicable.

5. The following class of persons are certified as the Class in this action solely for the purposes of the Settlement: 138 current and former Dairy employees who worked between July 30, 2004 to September 7, 2010.

6. All Class Members who submitted a timely and valid Claim Form within thirty days after the date the Settlement Administrator mailed the Class Notice Packet will receive a Settlement Share.

7. Class Members were provided with the opportunity to comment on, or object to, the Settlement, as well as to elect not to participate in the Settlement. No Class Members filed written objections to the Settlement as part of the parties' notice procedures nor stated intent to appear at the final approval hearing.

8. Simpluris Inc. is awarded $15,000 for their services as Settlement Administrator, pursuant to the terms set forth in the Settlement.

9. Class Representatives Octavio Alvarado, Pablo Martinez, Omar Gomez, Daniel Gomez, and Jose De Jesus Garcia are awarded $7,500 as incentive payments pursuant to the terms set forth in the settlement.

10. Class Counsel, Mallison & Martinez, are awarded $165,523 of the gross recovery in attorneys fees and $10,000 in costs for their work and costs incurred in prosecuting this case.

11. The California Labor Code Private Attorney General Act payment of $10,000 to the State of California is approved.

PDF created with pdfFactory trial version www.pdffactory.com

12. By means of this Final Approval Order, this Court hereby enters final judgment in this action, as defined in Rule 58(a)(1), Federal Rules of Civil Procedure.

13. This action is dismissed with prejudice, each side to bear its own costs and attorneys' fees except as provided by the Settlement and this order.

14. The Court retains jurisdiction to consider all further applications arising out of or in connection with the Settlement.

IT IS SO ORDERED.

Dated: June 2, 2011                    /s/ OLIVER W. WANGER
                                       UNITED STATES DISTRICT JUDGE